JEPTHA ESTES *v.* WM. D, ABBOTT.

Bills and Notes—Waiver of Claim for Set—Off—Assignment—Declaration in Presence of Purchaser.

> Where the maker of a note is present when a transfer thereof is made from one holder to another, and offers no objections thereto, but says that the note is good and offers to settle it by delivery to the holder of other collateral therefor, he will be considered as having waived any claims, demands, or off-sets he may have to the note.

APPEAL FROM OWEN CIRCUIT COURT.

June 15, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant purchased of R. A. Jameson a tract of 223 acres of land in Owen county, for which he was to pay $12 per acre in three installments, about $1,000 of the price, which was the first installment, was to be applied to redeem the land, Grover having purchased it at a sheriff's sale for less than two-thirds of its value, and the residue of the price was divided into two equal installments, for which, notes were executed by appellant payable to J. W. Jones, a name suggested by Jameson, and perhaps there was no such man; but whether there was or not, he was not present

when the notes were executed; they were delivered to Jameson, and Jones has never come forward to claim them.

The note which matured first, being for $837.50, was, by Jameson, placed in the hands of Holeman Tackett, in a debt of $150 he had paid for Jameson, and residue thereof was to be applied to the payment of debts of Jameson, for which appellee Abbott was bound as his surety, and which he has since paid.

Tackett subsequently delivered the note to Abbott, who brought this suit against Estes to coerce the payment thereof, and he resists a judgment against him on the ground that he had advanced money to Jameson, and paid it out to his use to within about $14 of the whole amount of the notes, and pleads said advancements as a set off, against this note.

Judgment was rendered in favor of Abbott in the court below, and Estes has appealed.

H. Tackett proves, that when the note was delivered to Abbott, Estes was present, and did not claim any off set against it, but said it was good, and offered a note he held on Dr. Smith to Abbott in part satisfaction of this note, the note on Smith being for $500 for land as he said, and his own note for the balance to make up the amount of the note Abbott held on him, which offer Abbott declined.

Abbott had paid to Tackett the $150 which Jameson owed him, and took the note on Estes to himself, and had paid, as the evidence showed, more for Jameson than the note on Estes amounted to.

If it be conceded that Estes had advanced the amounts he claims to have done to Jameson, before Abbott got the note, his declaration to Abbott when Tackett delivered it to him, that it was good, and his offer to arrange and settle it by given to him Smith's note and his own for the residue of the debt, were a waiver of any off set he had against the note, and especially as by his declarations it must be presumed Abbott advanced to Tackett the $150 which Jameson owed him to get the whole of the note; and any subsequent payments he may have made, he could have no pretense to claim a credit for.

But Tackett, Wilson and others, who also purchased land from Jameson, executed their notes for a part of the purchase money to Estes by direction of Jameson, which notes were for sums sufficient to indemnify Estes for the amounts claimed to have been advanced

by him to Jameson, and he does not show satisfactorily how that money was appropriated.

As to the note for the last installment, he never claimed to have paid anything on it.

We concur with the circuit judge in his conclusions. Wherefore the judgment is *affirmed*.

*Craddock, for appellant.*

*Lindsey, for appellee.*